FILED

2009 MAY 15 P 2:07

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIMOTHY BOTTONE, MATHEW DEYSENROTH, ROBERT DIAZ, MICHAEL J. DONOVAN, STEVEN EARL, JOSEPH LACHIOMA, FRANCIS H. McNELLIS, JR. ROBERT NOVAK, DAVID PURCELL, MICHAEL RAFFALO, PHILIP REEVES, and TIMOTHY RICHMOND Plaintiffs | : | CIV NO. 309CV 797(JCH) |
| v. | : | MAY 14, 2009 |
| CITY OF BRIDGEPORT CIVIL SERVICE COMMISSION OF AND RALPH JACOBS Defendants. | : | |

**NOTICE OF REMOVAL**

To the Honorable Judges of the United States District Court for the District of Connecticut.

The removing parties, City of Bridgeport, City of Bridgeport Civil Service Commission and Ralph Jacobs, by and through the undersigned attorney, respectfully aver the following:

1. The removing parties are Defendants in the above referenced action which was initiated in the State of Connecticut Superior Court for the

Judicial District of Fairfield at Bridgeport with a Return Date of May 19, 2009 bearing Docket No. FBT CV-FBT-CV-09-402875. A true and accurate copy of the Summons and Complaint are attached hereto as Exhibit 1 and constitute all process, pleadings and orders in this action.

2. The Plaintiffs allege that they are employed by the City of Bridgeport Fire Department and specifically they allege that they were candidates for the position of fire lieutenant in said department. The Defendants in the case are the City of Bridgeport, City Bridgeport Civil Service Commission and Ralph Jacobs who is the personnel director for the City of Bridgeport.

3. The legal action filed by the Plaintiffs seeks relief for, among other claims, a violation of "federal law" and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-2(a)(1); the right to due process and equal protection under the United States Constitution; 42 U.S.C. Sec. 1981 and 42 U.S.C. Sec. 1983. The Plaintiffs label their complaint as "Summons and Verified Administrative Appeal" and they allege and claim that in relation to a promotional exam for the position of lieutenant in the Bridgeport Fire Department that the Defendants, and in particular the Defendant City of Bridgeport Civil Service Commission's denial of Plaintiffs appeal challenging the scoring methodology used on the exam, was

illegal, arbitrary and unreasonable. The basis of this claim, in part, is because the Commission's actions violated the above stated federal statutes and Constitutional provisions and they seek a judgment determining that the Defendants' actions violated the above identified federal statues and Constitutional provisions. The Plaintiffs seek a host of both injunctive and permanent relief but also seek "Costs" "Reasonable attorneys' fees; and Such other and further relief as the Court, in law and equity, may deem appropriate." As such, this court has original and concurrent jurisdiction over the claims set forth herein.

4. The United States District Court has original jurisdiction over the Plaintiff's constitutional and federal law based claims pursuant to 28 U.S.C. §1331, as well as the pendent state law claims pursuant to 28 U.S.C. §1367, and the Plaintiff's Complaint is removable to the United States District Court pursuant to the provisions of 28 U.S.C. §§1441(a), 1441(b) and 1443(2). The otherwise non-removable state causes of action alleged by the Plaintiff, having been joined with their claims under federal law, are removable to the District Court pursuant to 28 U.S.C. §1441(c).

WHEREFORE, the removing parties pray that the above referenced action be removed from the State of Connecticut Superior Court to the United States District Court for the District of Connecticut.

**THE DEFENDANTS:**

**CITY OF BRIDGEPORT, CITY OF BRIDGEPORTCIVIL SERVICE COMMISSION, AND RALPH JACOBS**

By: ______________________

John R. Mitola
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT 06604
Tel: #203/576-7647
Fed. Bar #04017

**CERTIFICATION**

This is to certify that a copy of this document has been hand delivered pre-paid on this 15th day of MAY, 2009, to:

**Plaintiff's Counsel**
**Richard Albrecht;**
**David Ball,**
**Jesse Langer and**
**Courtney A. George**
**Cohen and Wolfe, P.C.**
**1115 Broad Street**
**Bridgeport, CT 06604**

John R. Mitola

CV094028475

**STATE OF CONNECTICUT**

RECEIVED CITY CLERKS OFFICE 09 MAY -1 AM 11:34 ATTEST CITY CLERK

| | | |
|---|---|---|
| RETURN DATE: MAY 19, 2009 | : | SUPERIOR COURT |
| TIMOTHY BOTTONE; MATTHEW DEYSENROTH; ROBERTO DIAZ; MICHAEL J. DONOVAN; STEVEN P. EARL; JOSEPH LaCHIOMA; FRANCIS H. McNELLIS, JR.; ROBERT NOVAK; DAVID S. PURCELL; MIKE RAFFALO; PHIL REEVES; and TIMOTHY M. RICHMOND, | : | JUDICIAL DISTRICT OF |
| Plaintiffs, | : | FAIRFIELD |
| VS. | : | AT BRIDGEPORT |
| CITY OF BRIDGEPORT CIVIL SERVICE COMMISSION and RALPH JACOBS, in his capacity as the personnel director for the Civil Service Commission, | : | |
| Defendant. | : | APRIL 29, 2009 |

OFFICE OF THE CLERK SUPERIOR COURT 2009 APR 29 P 1:12 JUDICIAL DISTRICT OF FAIRFIELD AT BRIDGEPORT STATE OF CONNECTICUT

**APPLICATION FOR TEMPORARY INJUNCTION AND ORDER TO SHOW CAUSE**

The Plaintiffs in the above-captioned administrative appeal hereby make application for a temporary injunction in accordance with the prayer for relief set forth in their Verified Administrative Appeal and respectfully request that a temporary and permanent injunction be issued ordering the Defendants, City of Bridgeport Civil Service Commission and Ralph Jacobs, to do the following: (1) refrain from swearing in any individual promoted to the position of Fire Lieutenant by virtue of the promotions announced on or about August 8, 2009, or the revised promotional list improperly issued on or about July 18, 2008, as described in the Verified Administrative Appeal herein; (2) revoke the revised promotional list; (3) revoke any promotions for the

Exhibit 1

position of Fire Lieutenant based upon the revised promotional list; (4) reinstate the original promotional list announced in September 2007; (5) effectuate promotions to the position of Fire Lieutenant in accordance with the original promotional list; and (6) refrain from re-weighting and re-scoring the exam, administered to determine eligibility for promotion to the position of Fire Lieutenant, by using a different methodology than the methodology set forth in the notice dated December 18, 2006. The Plaintiffs further request that the Defendants be ordered to appear at an early date to show cause why the Application for Temporary Injunction should not be granted.

Respectfully Submitted,

**THE PLAINTIFFS,**

By: ____________________

Richard L. Albrecht, Esq.
David A. Ball, Esq.
Courtney A. George, Esq.
Jesse A. Langer, Esq.
COHEN AND WOLF, P.C.
1115 Broad Street
Bridgeport, CT 06604
*Tel. No. (203) 368-0211*
*Fax No. (203) 394-9901*
*E-mail:* ralbrecht@cohenandwolf.com
*E-mail:* dball@cohenandwolf.com
*E-mail:* cgeorge@cohenandwolf.com
*E-mail:* jlanger@cohenandwolf.com

A True Copy
Attest ________
Joseph L.A. Felner, Jr.
Connecticut State Marshal
Fairfield County

**STATE OF CONNECTICUT**

| | | |
|---|---|---|
| RETURN DATE: MAY 19, 2009 | : | SUPERIOR COURT |
| TIMOTHY BOTTONE; MATTHEW DEYSENROTH; ROBERTO DIAZ; MICHAEL J. DONOVAN; STEVEN P. EARL; JOSEPH LaCHIOMA; FRANCIS H. McNELLIS, JR.; ROBERT NOVAK; DAVID S. PURCELL; MIKE RAFFALO; PHIL REEVES; and TIMOTHY M. RICHMOND, | : | JUDICIAL DISTRICT OF |
| Plaintiffs, | : | FAIRFIELD |
| VS. | : | AT BRIDGEPORT |
| CITY OF BRIDGEPORT CIVIL SERVICE COMMISSION and RALPH JACOBS, in his capacity as the personnel director for the Civil Service Commission, | : | |
| Defendant. | : | APRIL 29, 2009 |

**ORDER TO SHOW CAUSE**

WHEREAS, the foregoing Verified Administrative Appeal with Application for Temporary Injunction and Order to Show Cause, duly verified, has been presented to the Court;

WHEREAS, upon application of the Plaintiffs, it appears that an order should be issued directing the Defendants in this action to appear before the Court to show cause why a Temporary Injunction should not issue;

NOW THEREFORE, it is hereby ORDERED that the Defendants be summoned to appear before the Superior Court for the Judicial District at Bridgeport, located at 1061 Main Street, Bridgeport, Connecticut, Courtroom 7B, on the 18th day of May, 2009, at 9:30 o'clock in the a.m., then and there to show cause why a temporary

injunction should not issue against it as prayed for in the foregoing Verified Administrative Appeal and Application for Temporary Injunction and Order to Show Cause. Service in accordance with law on or before May 12, 2009.

Dated at Bridgeport, Connecticut, this ~~29th~~ 30th day of April, 2009.

BY THE COURT,

Judge / Clerk
Asst.

A True Copy
Attest
Joseph L.A. Fetner, Jr.
Connecticut State Marshal
Fairfield County

**STATE OF CONNECTICUT**

| | | |
|---|---|---|
| RETURN DATE: MAY 19, 2009 | : | SUPERIOR COURT |
| TIMOTHY BOTTONE; MATTHEW DEYSENROTH; ROBERTO DIAZ; MICHAEL J. DONOVAN; STEVEN P. EARL; JOSEPH LaCHIOMA; FRANCIS H. McNELLIS, JR.; ROBERT NOVAK; DAVID S. PURCELL; MIKE RAFFALO; PHIL REEVES; and TIMOTHY M. RICHMOND, | : | JUDICIAL DISTRICT OF |
| Plaintiffs, | : | FAIRFIELD |
| VS. | : | AT BRIDGEPORT |
| CITY OF BRIDGEPORT CIVIL SERVICE COMMISSION and RALPH JACOBS, in his capacity as the personnel director for the Civil Service Commission, | : | |
| Defendant. | : | APRIL 29, 2009 |

**SUMMONS FOR HEARING**

TO ANY PROPER OFFICER: BY AUTHORITY of the State of Connecticut, you are hereby commanded to summon the Defendants, City of Bridgeport Civil Service Commission, 45 Lyons Terrace, Room 325, Bridgeport, Connecticut, 06604 and Ralph Jacobs, the personnel director for the Commission, 33 Sweeney Street, Naugatuck, CT, 06770-3819, in the foregoing action to appear before a Judge of the Superior Court at the time and place specified in the foregoing Order, then and there to show cause why a temporary injunction should not be issued against it as requested in the accompanying Verified Administrative Appeal and Application for Temporary Injunction and Order to Show Cause, by serving in the manner provided by law a true and attested copy of the accompanying Writ, Summons, Verified Administrative Appeal, Application for

Temporary Injunction and Order to Show Cause, Order to Show Cause, Summons for Hearing, Affidavit of Timothy Bottone, and proposed Orders for Temporary and Permanent Injunction on the Defendants on or before the 12th day of May, 2009.

Hereof, fail not, but due service and return make.

Dated at Bridgeport, Connecticut, this 29th day of April, 2009.

Jesse A. Langer
Commissioner of the Superior Court

A True Copy
Attest
Joseph L.A. Fehner, Jr.
Connecticut State Marshal
Fairfield County

**STATE OF CONNECTICUT**

| | | |
|---|---|---|
| RETURN DATE: MAY 19, 2009 | : | SUPERIOR COURT |
| TIMOTHY BOTTONE; MATTHEW DEYSENROTH; ROBERTO DIAZ; MICHAEL J. DONOVAN; STEVEN P. EARL; JOSEPH LaCHIOMA; FRANCIS H. McNELLIS, JR.; ROBERT NOVAK; DAVID S. PURCELL; MIKE RAFFALO; PHIL REEVES; and TIMOTHY M. RICHMOND, Plaintiffs, | : | JUDICIAL DISTRICT OF FAIRFIELD |
| VS. | : | AT BRIDGEPORT |
| CITY OF BRIDGEPORT CIVIL SERVICE COMMISSION and RALPH JACOBS, in his capacity as the personnel director for the Civil Service Commission, Defendant. | : | APRIL 29, 2009 |

**SUMMONS AND VERIFIED ADMINISTRATIVE APPEAL**

**TO ANY PROPER OFFICER:**

BY AUTHORITY OF THE STATE OF CONNECTICUT you are hereby commanded to summon the Defendants, City of Bridgeport Civil Service Commission, 45 Lyons Terrace, Room 325, Bridgeport, Connecticut, 06604 and Ralph Jacobs, 33 Sweeney Street, Naugatuck, CT, 06770-3819, to appear before the Superior Court, Judicial District of Fairfield at Bridgeport, 1061 Main Street, Bridgeport, Connecticut, and such appearance should be made by the Defendants or their attorneys, by filing a written notice of appearance with the Clerk of the Court, on or before the second day following the return date, then and there to answer to the Plaintiffs, in an administrative appeal, in which the Plaintiffs complain and say:

## ADMINISTRATIVE APPEAL

1. The Plaintiff, Timothy Bottone, is an individual resident of the State of Connecticut whose address is currently 115 High Rock Road, Sandy Hook, CT 06478. Bottone's race is Caucasian and his color is white.

2. The Plaintiff, Matthew Deysenroth, is an individual resident of the State of Connecticut whose address is currently 21 Church Hill Road, Redding, CT 06896. Deysenroth's race is Caucasian and his color is white.

3. The Plaintiff, Roberto Diaz, is an individual resident of the State of Connecticut whose address is currently 180 Red Robin Road, Naugatuck, CT 06770. Diaz's race is Puerto Rican and his color is white.

4. The Plaintiff, Michael J. Donovan, is an individual resident of the State of Connecticut whose address is currently 16 Jesswig Drive, Hamden, CT 06517. Donovan's race is Caucasian and his color is white.

5. The Plaintiff, Steven P. Earl, is an individual resident of the State of Connecticut whose address is currently 25 Old Fawn Hill Road, Monroe, CT 06468. Earl's race is Caucasian and his color is white.

6. The Plaintiff, Joseph LaChioma, is an individual resident of the State of Connecticut whose address is currently 37 Burtville Road, #16, Derby, CT 06814. LaChioma's race is Caucasian and his color is white.

7. The Plaintiff, Francis H. McNellis, Jr., is an individual resident of the State of Connecticut whose address is currently 11 Knorr Road, Monroe, CT 06468. McNellis' race is Caucasian and his color is white.

8. The Plaintiff, Robert Novak, is an individual resident of the State of Connecticut whose address is currently 30 Falmouth Drive, Shelton, CT 06484. Novak's race is Caucasian and his color is white.

9. The Plaintiff, David S. Purcell, is an individual resident of the State of Connecticut whose address is currently 41 Beachland Avenue, Milford, CT 06460. Purcell's race is Caucasian and his color is white.

10. The Plaintiff, Mike Raffalo, is an individual resident of the State of Connecticut whose address is currently 104 Coppermill Road, Wethersfield, CT 06109. Raffalo's race is Caucasian and his color is white.

11. The Plaintiff, Phil Reeves, is an individual resident of the State of Connecticut whose address is currently 115 Chicken Street, Wilton, CT 06897. Reeves' race is Caucasian and his color is white.

12. The Plaintiff, Timothy M. Richmond, is an individual resident of the State of Connecticut whose address is currently 30 Wedge Hill Drive, Oxford, CT 06478. Richmond's race is Caucasian and his color is white.

13. The Defendant, City of Bridgeport Civil Service Commission (the "Commission"), is a subdivision of the City, duly authorized by the Charter of the City of Bridgeport (the "Charter") with responsibility for the civil service, located at City Hall, 45 Lyon Terrace, Rm. 204, Bridgeport, CT 06604-4023.

14. The Defendant, Ralph Jacobs ("Jacobs"), was the Personnel Director for the Commission at all times relevant to this Appeal.

15. All of the Plaintiffs are or were City employees, employed as a Firefighter in the City Fire Department.

16. The Plaintiffs' position as Firefighter is within the competitive division of the classified civil service as defined in the City Charter.

17. By notice dated December 18, 2006 (the "Notice"), the Commission announced that it would hold Competitive Promotional Examination #2230 (the "Exam") for the position of Fire Lieutenant. *(A copy of the Notice is attached as Exhibit A.)*

18. The Notice announced the following scoring methodology for the Exam: "Written examination, relative weight 50%; Oral examination, relative weight 45%; seniority, relative weight 5%."

19. Each of the Plaintiffs qualified for and took the Exam, which was administered in or about April 2007, in reliance on the Notice, including the announced scoring methodology.

20. In or about September 2007, each Plaintiff received notice that he had passed the Exam and qualified as eligible for promotion to the position of Fire Lieutenant.

21. In or about September 2007, the Commission issued a promotional list (the "List"), ranking all candidates who took the Exam and qualified as eligible for promotion based on their Exam scores. *(A copy of the List is attached as Exhibit B.)*

22. According to the List, the Plaintiffs received the following scores and rankings:

a. Bottone ranked 14th with a final score of 83.72 on the Exam.

b. Deysenroth ranked 9th with a final score of 87.63 on the Exam.

c. Diaz ranked 32nd with a final score of 77.29 on the Exam.

d. Donovan ranked 24th with a final score of 80.00 on the Exam.

e. Earl ranked 26th with a final score of 79.04 on the Exam.

f. Lachioma ranked 28th with a final score of 78.69 on the Exam.

g. McNellis ranked 22nd with a final score of 80.22 on the Exam.

h. Novak ranked 3rd with a final score of 97.13 on the Exam.

i. Purcell ranked 15th with a final score of 83.53 on the Exam.

j. Raffalo ranked 11th with a final score of 86.21 on the Exam.

k. Reeves ranked 18th with a final score of 82.29 on the Exam.

l. Richmond ranked 29th with a final score of 78.63 on the Exam.

23. Thereafter, by letter dated July 17, 2008 (the "Announcement"), the Commission announced a surprise decision to re-score the Exam using a new scoring methodology (the "Revised Scoring Methodology"), which assigned relative weights of 75% for the oral examination and 25% for the written examination, with additional 5% seniority credit "for those who pass the examination." *(A copy of the Announcement is attached as Exhibit C.)*

24. The Announcement stated that the change in scoring methodology was: "to correct or reduce the disparate impact that the current exam results have on African Americans and Hispanics."

25. On or about July 18, 2008, the Commission issued a revised promotional list (the "Revised List"), ranking Exam candidates who qualified as eligible for promotion

to Fire Lieutenant based on new scores calculated using the Revised Scoring Methodology. *(A copy of the Revised List is attached as Exhibit D.)*

26. On or about July 18, 2008, the Plaintiffs received notice that their Exam scores had changed, which resulted in a lower score and promotional ranking and, in some instances, no ranking at all.

27. According to the Revised List, the Plaintiffs received the following adjusted scores and rankings:

a. Bottone's Adjusted Exam score was 83.09, which lowered his ranking for promotion from 14th to 20th.

b. Deysenroth's Adjusted Exam score was 87.45, which lowered his ranking for promotion from 9th to 13th.

c. Diaz's adjusted Exam score was 75.50, which lowered his ranking for promotion from 32nd to 43rd.

d. Donovan's Adjusted Exam score was below the minimum passing score of 70.00 which is required for promotion eligibility.

e. Earl's Adjusted Exam score was 78.69, which lowered his ranking for promotion from 26th to 34th.

f. LaChioma's adjusted Exam score was 75.59, which lowered his ranking for promotion from 28th to 42nd.

g. McNellis' adjusted Exam score was 82.19, which lowered his ranking for promotion from 22nd to 24th.

h. Novak's Adjusted Exam score was 95.73, which lowered his ranking for promotion from 3rd to 6th.

i. Purcell's adjusted Exam score was 83.73, which lowered his ranking for promotion from 15th to 19th.

j. Raffalo's Adjusted Exam score was 83.05, which lowered his ranking for promotion from 11th to 21st.

k. Reeves' adjusted Exam score was 69.90, which lowered his score below the minimum passing score of 70.00 which is required for promotion eligibility.

l. Richmond's adjusted Exam score was 69.90, which lowered his score below the minimum passing score of 70.00 which is required for promotion eligibility.

28. On or about July 29, 2008, Bottone, Diaz, Donovan, Earl LaChioma, Raffalo and Reeves filed appeals with the Commission, challenging the re-scoring decision and posting of the Revised List on grounds of discrimination as well as on other grounds. These appeals were scheduled to be heard on September 9, 2008.

29. On or about July 31, 2008, Deysenroth and Novak filed appeals with the Commission, challenging the re-scoring decision and posting of the Revised List on grounds of discrimination as well as on other grounds. These appeals were scheduled to be heard on September 9, 2008.

30. On or about August 8, 2008, Purcell and Richmond filed appeals with the Commission, challenging the re-scoring decision and posting of the Revised List on grounds of discrimination as well as on other grounds. These appeals were scheduled to be heard on September 9, 2008.

31. On or about August 18, 2008, McNellis filed an appeal with the Commission, challenging the re-scoring decision and posting of the Revised List on grounds of discrimination as well as on other grounds. This appeal was scheduled to be heard on September 9, 2008.

32. On the afternoon of Friday, August 8, 2008, while some of the appeals were pending before the Commission but before any of the appeals were heard, the City announced approximately fifteen (15) promotions from the Revised List (the "Promotions"), effective the morning of Sunday, August 10, 2008. (*A copy of the Chief's Order announcing the Promotions is attached as Exhibit E.)*

33. The Promotions were announced less than thirty (30) days after the Revised List issued, in violation of the City Charter.

34. On April 22, 2009, after hearings on September 9, 2008, December 16, 2008 and December 29, 2008, the Commission denied the appeals filed by each Plaintiff by a vote of 3-1. One commissioner who voted to deny the Plaintiffs' appeals did so on his representation "on advice of counsel." A second commissioner voted to deny the Plaintiffs' appeals despite an agreement before the Commission that he not participate because he was not in attendance during the Plaintiffs' presentation on the first day of the hearing.

35. The Commission's decision approved the following illegal, arbitrary and unreasonable conduct of Jacobs:

(a) Rescoring of the Exam using a new weighting system;

(b) Rescoring of the Exam using a new weighting system without proper notice to the Plaintiffs and other potential exam candidates;

(c) Promulgating of the Revised List;

(d) Promulgating of the Revised List without proper notice to the Plaintiffs and other potential exam candidates;

(e) Announcing the Promotions, which were based upon the Revised List;

(f) Announcing the Promotions less than thirty (30) days from the posting of the Revised List;

(g) Implementing the actions set forth in subsections (a) through (f), above, without first obtaining approval from the Commission;

(h) Certifying the Promotions;

(i) Engaging in improper, ex parte communications with the leadership of two interest groups, the Firebird Society of Bridgeport, CT and the International Association of Hispanic Firefighters without any notice to the Plaintiffs, which communications were in the nature of a silent appeal thereby rendering the Plaintiff's appeals before the Commission a fait accompli; and/or

(j) Otherwise compromising the Exam and the appeal process.

35. The Commission's decision in denying the Plaintiffs' appeals was illegal, arbitrary, unreasonable, and in abuse of the discretion vested in it in for one or more of the following reasons:

(a) The decision is not authorized by the Civil Service provisions of the Charter and threatens the fairness and efficacy of the Civil Service System, which depends on the uniform application of procedures and standards noticed before the testing process beings;

(b) The decision violates Civil Service mandates that candidates for promotions be appointed based on merit and that examinations be based on valid indicators of whether an applicant possesses the skills and abilities required for the job in question;

(c) The decision violates Civil Service prohibitions against discrimination and obstruction of any person's right to take examinations;

(d) The decision violates state and federal law including, without limitation, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1); the right to due process and equal protection under the United States Constitution and 42 U.S.C. § 1981 and 42 U.S.C. § 1983; the Connecticut Fair Employment Practices Act, General Statutes §§ 46a-60 *et seq.*; General Statutes § 7-407 *et seq.;* and the Municipal Employee Relations Act, General Statutes § 7-467 *et seq.*;

(e) The decision was unsupported by the record in that neither the Commission nor Jacobs ever disclosed the factual basis for the claim that the

Exam had a disparate impact on certain Exam participants. The Plaintiffs still do not know why the Defendants concluded that the Exam had a disparate impact on certain Exam participants; and/or

(f) The decision was based upon improper, ex parte communications with the leadership of two interest groups, the Firebird Society of Bridgeport, CT and the international Association of Hispanic Firefighters without any notice to the Plaintiffs, which communications were in the nature of a silent appeal thereby rendering the Plaintiff's appeals before the Commission a fait accompli; and/or

(g) One commissioner voted to deny the Plaintiffs' appeals despite an agreement before the Commission that he not participate because he was not in attendance during the Plaintiffs' presentation on the first day of the hearing.

36. The Plaintiffs are aggrieved in that each is or was an employee of the City of Bridgeport who took the Exam and was deprived of the opportunity to prepare for the Exam, lost promotional rank and/or lost promotional eligibility. Each Plaintiff, therefore, has a specific, personal and legal interest in the Commission's decision, which interest was specifically and injuriously affected by that decision.

37. As a result of the Defendant's actions, the Plaintiffs have suffered and will continue to suffer irreparable harm for which they have no adequate remedy at law.

38. The Plaintiffs bring this administrative appeal pursuant to General Statutes § 7-422.

**WHEREFORE**, the Plaintiffs respectfully request that judgment enter in their favor against the Defendant for the following relief:

1. A judgment sustaining this administrative appeal;

2. A judgment determining that the Revised Scoring Methodology and the Revised List are without effect and do not establish eligibility for promotion to the position of Fire Lieutenant;

3. A judgment determining that the Promotions are unlawful and without effect;

4. A judgment determining that the List is lawful and determinative of promotional eligibility;

5. A judgment determining that the List is reinstated for the period provided for under the Civil Service provisions of the Charter and that any promotion to the position of Fire Lieutenant during that period shall be conducted in accordance with the List;

6. A judgment determining that the Defendant's actions in (a) changing the scoring methodology and establishing the Revised List after the Exam had been noticed, administered and scored and the List posted and approved and (b) announcing and implementing the Promotions from the Revised List less than one month after posting the Revised List, were illegal, arbitrary, unreasonable, and in abuse of its discretion in that they:

(a) Are unauthorized by the Civil Service provisions of the Charter and threaten the fairness and efficacy of the Civil Service System, which depends on the uniform application of procedures and standards noticed before the testing process beings;

(b) Violate Civil Service mandates that candidates for promotions be appointed based on merit and that examinations be based on valid indicators of whether an applicant possesses the skills and abilities required for the job in question;

(c) Violate Civil Service prohibitions against discrimination and obstruction of any person's right to take examinations; and

(d) Violate state and federal law including, without limitation, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1); the right to due process and equal protection under the United States Constitution and 42 U.S.C. § 1981 and 42 U.S.C. § 1983; the Connecticut Fair Employment Practices Act, General Statutes §§ 46a-60 *et seq.*; General Statutes § 7-407 *et seq.;* and the Municipal Employee Relations Act, General Statutes § 7-467 *et seq.*

7. A temporary and permanent injunction ordering the Defendant to refrain from swearing in any individual promoted to the position of Fire Lieutenant by virtue of the Promotions or the Revised List;

8. A temporary and permanent injunction ordering the Defendant to revoke the Revised List;

9. A temporary and permanent injunction ordering the Defendant to revoke any promotions, including the Promotions, for the position of Fire Lieutenant based upon the Revised List;

10. A temporary and permanent injunction ordering the Defendant to reinstate the List;

11. A temporary and permanent injunction ordering the Defendant to effectuate promotions to the position of Fire Lieutenant in accordance with the List;

12. A temporary and permanent injunction ordering the Defendant to refrain from re-weighting and re-scoring the Exam using a different methodology than the methodology set forth in the Notice;

13. Costs;

14. Reasonable attorneys' fees; and

15. Such other and further relief as the Court, in law and equity, may deem appropriate.

Respectfully Submitted,

**THE PLAINTIFFS,**

By: ______________________

Richard L. Albrecht, Esq.
David A. Ball, Esq.
Courtney A. George, Esq.
Jesse A. Langer, Esq.
COHEN AND WOLF, P.C.
1115 Broad Street
Bridgeport, CT 06604
*Tel. No.* *(203) 368-0211*
*Fax No.* *(203) 394-9901*
*E-mail:* ralbrecht@cohenandwolf.com
*E-mail:* dball@cohenandwolf.com
*E-mail:* cgeorge@cohenandwolf.com
*E-mail:* jlanger@cohenandwolf.com

A True Copy
Attest ______________________
Joseph L.A. Felner, Jr.
Connecticut State Marshal
Fairfield County

**STATE OF CONNECTICUT**

| | | |
|---|---|---|
| RETURN DATE: MAY 19, 2009 | : | SUPERIOR COURT |
| TIMOTHY BOTTONE; MATTHEW DEYSENROTH; ROBERTO DIAZ; MICHAEL J. DONOVAN; STEVEN P. EARL; JOSEPH LaCHIOMA; FRANCIS H. McNELLIS, JR.; ROBERT NOVAK; DAVID S. PURCELL; MIKE RAFFALO; PHIL REEVES; and TIMOTHY M. RICHMOND, | : | JUDICIAL DISTRICT OF |
| Plaintiffs, | : | FAIRFIELD |
| VS. | : | AT BRIDGEPORT |
| CITY OF BRIDGEPORT CIVIL SERVICE COMMISSION and RALPH JACOBS, in his capacity as the personnel director for the Civil Service Commission, | : | |
| Defendant. | : | APRIL 29, 2009 |

**STATEMENT OF AMOUNT IN DEMAND**

The Plaintiffs claim other relief in addition to or in lieu of money or damages.

**THE PLAINTIFFS,**

By____________________________

Richard L. Albrecht, Esq.
David A. Ball, Esq.
Courtney A. George, Esq.
Jesse A. Langer, Esq.
COHEN AND WOLF, P.C.
1115 Broad Street
Bridgeport, CT 06604
*Tel. No. (203) 368-0211*
*Fax No. (203) 394-9901*

A True Copy
Attest______________
Joseph L.A. Felner, Jr.
Connecticut State Marshal
Fairfield County

# EXHIBIT "A"

Competitive Promotional Examination #2230
Fire Lieutenant
Date Issued: December 18, 2006

NOTICE

The Civil Service Commission of the City of Bridgeport will hold a competitive promotional examination for Fire Lieutenant, at a time and location to be announced at a later date.

APPLICATIONS: Each candidate must complete an application form supplied by the Commission and file it at the office of the Commission. Application forms, to be accepted, must be delivered personally, or bear a postmark, not later than **January 18, 2007.**

SALARY RANGE: $51,376 - $53,093; appointments to be made at the minimum entrance salary of $51,375 a year. Advancements within the salary range may be made in accordance with the terms of the contract between the City of Bridgeport and Bridgeport Fire Fighters, Local 834, AFL-CIO.

DUTIES: Technical and supervisory fire fighting work of ordinary difficulty and responsibility, involving direct command of an engine, truck or rescue company during an assigned tour of duty; related work as required; performed under technical direction.

REQUIREMENTS: This examination is open to Fire Fighters, Pumper Engineers and Fire Equipment Mechanics who meet the following requirements: three years of satisfactory experience as a Civil Service, City of Bridgeport, Firefighter, Pumper Engineer or Fire Equipment Mechanic preceding January 4, 2005*; working knowledge of modern firefighting apparatus and methods of firefighting; good knowledge of the rules and regulations of the Fire Department and the laws and ordinances relating to fire prevention; good knowledge of the geography of the City of Bridgeport; knowledge and appreciation of the responsibilities and problems of command; skill in prescribed hose, ladder and apparatus practices; ability to recognize fire hazards; ability to size up situations and people and to get along well with others, to direct them in their work and to get them to work effectively; ability to prepare reports; industry, resourcefulness and good judgment.

SUBJECTS OF EXAMINATION: Written examination, relative weight 50%; Oral examination, relative weight 45%; seniority, relative weight 5%. Candidate will be required to pass a qualifying service rating in order to be placed on the employment list.

EXAMINATION REVIEW PROCEDURE: Each candidate will have an opportunity to review his or her examination during the one-month period after the date of announced results. The papers will be open to inspection during the period from 9:00 A.M., to 1:00 P.M., Monday through Friday(excluding holidays). Every inspection period will be monitored by the staff of the Civil Service Office, and no candidate will be allowed to copy examination questions or take any written material from the review room. The time allowed for review will be equal to the time allowed for taking the test. No candidate will be allowed more than two visits to review his or her papers.

* Walker vs. Jankura - First vacancy after the expiration of the last Lieutenant employment list was Craig Kelly.

CIVIL SERVICE COMMISSION, 45 Lyon Terrace, City Hall, Room 325
Bridgeport, Connecticut 06604
An Equal Opportunity Employer M/F

# EXHIBIT "B"

FROM:CIVIL SERVICE 2035767102 To:203 333 4948 P.2

FIRST LIEUTENANT - LIST #2030 · ESTABLISHED 9/10/2007 09/26/2007 04:15 PM

| FinlRank | FinlScor | LastName | FirstName | Certified | Prob Appt |
|---|---|---|---|---|---|
| 1.00 | 104.75 | ELLIS | ANDREW | | |
| 2.00 | 97.42 | ROLFE | RONALD | | |
| 3.00 | 97.13 | NOVAK | ROBERT | | |
| 4.00 | 96.68 | NORIS | SCOTT E. | | |
| 5.00 | 91.03 | ESPOSITO | NICHOLAS A. | | |
| 6.00 | 90.94 | MOROTTO | PETER J. | | |
| 7.00 | 89.55 | PENIX | DARRIEN L. | | |
| 8.00 | 89.33 | DONNELLY | LAWRENCE A | | |
| 9.00 | 87.63 | DEYSENROTH | MATTHEW | | |
| 10.00 | 86.64 | FIERLIT JR. | ANDREW | | |
| 11.00 | 86.21 | RAFFALO | MICHAEL | | |
| 12.00 | 85.56 | WILLIAMSON | LEE A. | | |
| 13.00 | 84.85 | CODY | MARK | | |
| 14.00 | 83.72 | BOTTONE | TIMOTHY J | | |
| 15.00 | 83.53 | PURCELL | DAVID S. | | |
| 16.00 | 83.10 | SANZO | GIOVANNI | | |
| 17.00 | 82.88 | VELASQUEZ | STEVEN J. | | |
| 18.00 | 82.29 | REEVES | PHILIP W. | | |
| 19.00 | 81.72 | SHEPARD | TIMOTHY | | |
| 20.00 | 81.63 | CONNOLLY | THOMAS | | |
| 21.00 | 80.33 | PELAGGI | JOSEPH C. | | |
| 22.00 | 80.22 | MCNELLIS, JR. | FRANK H. | | |
| 23.00 | 80.05 | DOBBS | DAVID C. | | |
| 24.00 | 80.02 | DONOVAN | MICHAEL | | |
| 25.00 | 79.85 | TAYLOR | JOSEPH F. | | |
| 26.00 | 79.04 | EARL | STEVEN | | |

P.3

FIRE LIEUTENANT - LIST #0238 -- ESTABLISHED 9/26/2007 (continued)

| FinlRank | FinlScor | LastName | FrstName | Certified | Prob Appt |
|---|---|---|---|---|---|
| 27.00 | 78.80 | DAITO | ROBERT DAVID | | |
| 28.00 | 78.69 | LACHIOMA | JOSEPH E. | | |
| 29.00 | 78.63 | RICHMOND | TIMOTHY M. | | |
| 30.00 | 78.10 | RODRIGUEZ | REYNALDO | | |
| 31.00 | 77.62 | MARTINS | FERNANDO | | |
| 32.00 | 77.29 | DIAZ | ROBERTO | | |
| 33.00 | 76.07 | FORTES | KENNETH C | | |
| 34.00 | 75.94 | FIRPI | MARK A. | | |
| 35.00 | 74.88 | MULLIGAN | TIMOTHY | | |
| 36.00 | 74.84 | KAPITANCEK | STEPHEN | | |

# EXHIBIT "C"

*CITY OF BRIDGEPORT, CONNECTICUT*
CIVIL SERVICE COMMISSION
CITY HALL * 45 LYON TERRACE * BRIDGEPORT, CONNECTICUT 06604-4023 * (203) 576-7103 * Fax 576-7102

RALPH H. JACOBS
Personnel Director

Commissioners
LEONOR GUEDES
President

ROSA J. CORREA
RICHARD P. RODGERS
T. WALTER PLUMMER
VALERIE LEAS-SORRENTINO

July 17, 2008

Dear Fire Lieutenant Candidate:

After the results of all appeals by candidates to the Civil Service Commission were compiled and the testing scores were appropriately revised, a calculation was run to determine if the results of the examination would pass the constitutional test for disparate impact as provided for in the Equal Employment Opportunity Commission's "Uniform Employee Selection Guidelines", otherwise known as the 4/5ths rule. The Fire Lieutenant exam failed the 4/5ths rule for both African Americans and Hispanic candidates. The success rate for African American and Hispanic candidates was considerably less than 4/5$^{ths}$ of the success rate for white candidates. Since at most 36 candidates are likely to be promoted from this civil service list over the course of its 2 year life span, the 4/5$^{ths}$ rule calculations were conducted on the first 36 candidates on the list.

EEO law requires that if a valid examination has a disparate impact and there is a way to reduce the disparate impact without destroying the validity of the exam, then it is necessary for City to reduce the disparate impact. The City has reviewed the exam for validity, and has sought an alternative method of using the exam results that would reduce the disparate impact, while still preserving the validity of the exam. The current weighting of .5 for the written and .45 for the oral were used in order to comply with previous agreements that the City had with the Firefighter's Union. However, that weighting methodology now needs to be modified in an effort to comply with the City's obligations under federal law to correct or reduce the disparate impact that the current exam results have on African Americans and Hispanics.

In order to reduce the disparate impact and sustain the validity of the exam, the examiner has determined that a weighting of .75 for the oral and .25 for the written portions of the exam is justified and therefore, those weights have been used to rescore the exam. By amending the weighting to .75 for the oral and .25 for the written, the City meets its obligations under federal law by reducing the adverse impact on African American and Hispanic candidates. At the same time this re-weighting makes the weighting consistent with the job analysis done for this examination. Of course the .05 weight for seniority is added to the results for those who pass the examination.

Throwing out the exam or using the exam with current weightings are not viable options. Changing the weighting to be consistent with the job analysis and federal law is the proper choice open to the City and the candidates as a group. This is so because it avoids throwing out a valid examination, reasonably reduces the adverse impact on African Americans and Hispanic Americans, sustains the quality of the exam consistent with the job analysis, and meets the City's obligations under federal law.

Sincerely,

Ralph H. Jacobs
Personnel Director
Bridgeport Civil Service Commission

# EXHIBIT "D"

FIRE LIEUTENANT - EXAM 2230 REVISED LIST EST 7/10/08 07/10/2008 12:07 AM

| FinlRank | FinlScor | LastName | FrstName | Certified | Prob. Appt. |
|---|---|---|---|---|---|
| 1.00 | 104.75 | ELLIS | ANDREW | | |
| 2.00 | 102.95 | BORIS | SCOTT E. | | |
| 3.00 | 101.15 | ROLFE | RONALD | | |
| 4.00 | 99.19 | WILLIAMSON | LEE A. | | |
| 5.00 | 96.99 | DONNELLY | LAWRENCE A | | |
| 6.00 | 95.73 | NOVAK | ROBERT | | |
| 7.00 | 94.64 | MOROTTO | PETER J. | | |
| 8.00 | 92.39 | ESPOSITO | NICHOLAS A. | | |
| 9.00 | 91.74 | PENIX | DARRIEN L. | | |
| 10.00 | 91.04 | CODY | MARK | | |
| 11.00 | 90.05 | FIERLIT JR. | ANDREW | | |
| 12.00 | 88.99 | MORALES | RONALD | | |
| 13.00 | 87.45 | DEYSENROTH | MATTHEW | | |
| 14.00 | 86.65 | SANZO | GIOVANNI | | |
| 15.00 | 85.65 | CONNOLLY | THOMAS | | |
| 16.00 | 85.59 | VELASQUEZ | STEVEN J. | | |
| 17.00 | 83.84 | PELAGGI | JOSEPH C. | | |

FIRE LIEUTENANT - EXAM 8238 REVISED LIST EST 7/18/08 (continued)

| FinlRank | FinlScor | LastName | FrstName | Certified | Prob. Appt. |
|---|---|---|---|---|---|
| 18.00 | 83.74 | DOBBS | DAVID C. | | |
| 19.00 | 83.73 | PURCELL | DAVID E. | | |
| 20.00 | 83.09 | BOTTONE | TIMOTHY J | | |
| 21.00 | 83.05 | RAFFALO | MICHAEL | | |
| 22.00 | 82.83 | GAITO | ROBERT DAVID | | |
| 23.00 | 82.48 | SHEPARD | TIMOTHY | | |
| 24.00 | 82.19 | MCNELLIS, JR. | FRANK H. | | |
| 25.00 | 81.20 | FIRPI | MARK A. | | |
| 26.00 | 80.75 | MULLIGAN | TIMOTHY | | |
| 27.00 | 80.13 | NORRIS | FRANK | | |
| 28.00 | 80.08 | SZABO | ZOLTAN J. | | |
| 29.00 | 79.89 | LEWIS SR | VICTOR J | | |
| 30.00 | 79.70 | KAPITANCEK | STEPHEN | | |
| 31.00 | 79.49 | RODRIGUEZ | REYNALDO | | |
| 32.00 | 79.15 | LENGYEL JR. | PAUL M. | | |
| 33.00 | 78.80 | CORSI | KEVIN T. | | |
| 34.00 | 78.69 | EARL | STEVEN | | |
| 35.00 | 78.65 | FORTES | KENNETH | | |

FIRE LIEUTENANT - EXAM 8230 REVISED LIST EXT 7/18/08 (continued)

| FinlRank | FinlScor | LastName | FrstName | Certified | Prob. Appt. |
|---|---|---|---|---|---|
| 36.00 | 78.18 | MARTINS | FERNANDO | | |
| 37.00 | 77.95 | KAMBZIK | MICHAEL | | |
| 38.00 | 77.87 | TAYLOR | JOSEPH F. | | |
| 39.00 | 77.46 | CHRISTY | JOEL | | |
| 40.00 | 77.00 | DIES | TIMOTHY W | | |
| 41.00 | 75.96 | SABITSKY | STANLEY | | |
| 42.00 | 75.59 | LACHIONA | JOSEPH E. | | |
| 43.00 | 75.50 | DIAZ | ROBERT | | |
| 44.00 | 75.35 | SANTIAGO | LOUIS | | |
| 45.00 | 75.24 | BUCHLA | BRUCE | | |

# EXHIBIT "E"

Chief's Order

CO 27-2008

August 8, 2008

To: All Companies, Battalions, and Divisions

Re: Transfers and Assignments

The following transfers and assignments will take place at 08:00 A.M., Sunday, August 10, 2008.

| | | | |
|---|---|---|---|
| Provisional LT A Ellis | to | Probationary Lieutenant | Lad 5 D |
| Provisional LT S Boros | to | Probationary Lieutenant | Eng 1 D |
| Provisional LT R Rolfe | to | Probationary Lieutenant | Eng 7 A |
| Provisional LT L Williamson | to | Probationary Lieutenant | Eng 6 C |
| Provisional LT L Donnelly | to | Probationary Lieutenant | Eng 12 C |
| Provisional LT R Novak | to | Probationary Lieutenant | Eng 12 D |
| Provisional LT P Morotto | to | Probationary Lieutenant | Eng 10 A |
| Provisional LT N Esposito | to | Probationary Lieutenant | Eng 7 C |
| Provisional LT D Pentz | to | Probationary Lieutenant | Lad 6 A |
| Provisional LT M Cody | to | Probationary Lieutenant | Eng 1 C |
| Provisional LT A Fierlit | to | Probationary Lieutenant | Eng 4 C |
| Firefighter T Connolly | to | Probationary Lieutenant | Lad 11 A |
| Provisional LT M Devsenroth | to | Probationary Lieutenant | Eng 3 D |
| Pumper Eng G Sanzo | to | Probationary Lieutenant | Eng 16 C |
| Firefighter S Valasquez | to | Probationary Lieutenant | Lad 11 D |
| Firefighter N Dundy E 16-A | to | | Eng 1-D |

The following members are relieved of provisional status and assigned

| | | | |
|---|---|---|---|
| Provisional Lt M Raffalo Lad 11-A | to | Firefighter | Lad 5-D |
| Provisional Lt D Purcell Eng 16-C | to | Firefighter | Lad10-D |
| Provisional Lt T Bottone Lad 11-D | to | Firefighter | Eng 12-B |

The following positions are assigned by bid Union contract article 18, section 1-A.

| | | | | |
|---|---|---|---|---|
| Firefighter M Bigard | Lad 11-A | to | Firefighter | Lad 11-A bid |
| Firefighter J Herring | Eng 3-B | to | Firefighter | Eng 4-B bid |
| Firefighter J Georgia | Eng 10-A | to | Firefighter | Eng 16-A bid. |
| Pumper Engineer J Quinn | Eng 4-C | to | Engineer | Eng 16-C bid |
| Prov P/Engineer P Lengyel | Eng 16-C | to | Prov P/Engineer | Eng 4-C |

Thomas Connor
A/Deputy Chief
Operations

**VERIFICATION**

I hereby affirm under penalties of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Timothy Bottone

*Subscribed and Sworn to before me,*
*This 29th day of April, 2009.*

*Notary Public*
*My Commission expires*

**JUDITH A. SWARBRICK**
***NOTARY PUBLIC***
**MY COMMISSION EXPIRES AUG. 31, 2010**

A True Copy
Attest
Joseph L.A. Felner, Jr.
Connecticut State Marshal
Fairfield County

**STATE OF CONNECTICUT**

| | | |
|---|---|---|
| RETURN DATE: MAY 19, 2009 | : | SUPERIOR COURT |
| TIMOTHY BOTTONE; MATTHEW DEYSENROTH; ROBERTO DIAZ; MICHAEL J. DONOVAN; STEVEN P. EARL; JOSEPH LaCHIOMA; FRANCIS H. McNELLIS, JR.; ROBERT NOVAK; DAVID S. PURCELL; MIKE RAFFALO; PHIL REEVES; and TIMOTHY M. RICHMOND, | : | JUDICIAL DISTRICT OF |
| Plaintiffs, | : | FAIRFIELD |
| VS. | : | AT BRIDGEPORT |
| CITY OF BRIDGEPORT CIVIL SERVICE COMMISSION, | : | |
| Defendant. | : | APRIL 29, 2009 |

**AFFIDAVIT OF TIMOTHY BOTTONE**

I, Timothy Bottone, being duly sworn, hereby deposes and says:

1. I am over the age of eighteen (18) years and believe in the obligations of an oath.

2. I am an individual resident of the State of Connecticut whose address is currently 115 High Rock Road, Sandy Hook, CT 06478.

3. I am a firefighter, employed by the City of Bridgeport, and a participant in the Competitive Promotional Examination #2230 (the "Exam") for the position of Fire Lieutenant.

4. I received notice, dated December 18, 2006, announcing that the City of Bridgeport Civil Service Commission (the "Commission") would administer the Exam (the "Notice").

5. The Notice announced the following scoring methodology for the Exam: written examination (50%); oral examination (45%); seniority (5%).

6. I applied for and met the eligibility requirements for participating in the Exam.

7. I studied and prepared for the Exam in reliance on the scoring methodology contained in the Notice.

8. I participated in the Exam, which was administered in April 2007.

9. In or about September 2007, I received notice that I had passed the Exam and was eligible for promotion to the position of Fire Lieutenant.

10. In or about September 2007, the Commission issued a promotional list (the "List"), ranking all candidates who took the Exam and qualified for promotion based on their Exam scores.

11. According to the List, I ranked 14th with a final score of 83.72 on the Exam.

12. Thereafter, by letter dated July 17, 2008 (the "Announcement"), the Commission announced a surprise decision to re-score the Exam using a new scoring methodology (the "Revised Scoring Methodology"), which assigned relative weights of

75% for the oral examination and 25% for the written examination, with additional 5% seniority credit "for those who pass the examination."

13. On or about July 18, 2008, the Commission issued a revised promotional list (the "Revised List"), ranking Exam candidates who qualified as eligible for promotion to Fire Lieutenant based on new scores calculated using the Revised Scoring Methodology.

14. On or about July 18, 2008, I received notice that their Exam scores had changed, which lowered my score and promotional ranking.

15. According to the Revised List, my Adjusted Exam score was 83.09, which lowered my ranking for promotion from 14th to 20th.

16. While I remained eligible for promotion, I fell six points in rank and lost priority.

17. Upon information and belief, other Exam participants who ranked eligible for promotion on the List also lost priority of rank or eligibility for promotion due to the Adjusted Exam scores and the Revised List, including, but not limited to, Matthew Deysenroth, Roberto Diaz, Michael J. Donovan, Steven P. Earl, Joseph LaChioma, Francis H. McNellis, Jr., David S. Purcell, Mike Raffalo, Phil Reeves, and Timothy M. Richmond.

18. On or about July 29, 2008, I filed an appeal with the Commission, which challenged the decision to rescore the Exam and post the Revised List.

19. Upon information and belief, the following Exam participants also filed appeals challenging the decision to rescore the Exam and post the Revised List: Matthew Deysenroth, Roberto Diaz, Michael J. Donovan, Steven P. Earl, Joseph LaChioma, Francis H. McNellis, Jr., David S. Purcell, Mike Raffalo, Phil Reeves, and Timothy M. Richmond.

20. On or about August 8, 2008, while some of the appeals were pending before the Commission but before any of the appeals were heard, the Commission announced approximately fifteen (15) promotions from the Revised List (the "Promotions"), effective the morning of Sunday, August 10, 2008.

21. On or about April 22, 2009, after hearings on September 9, 2008, December 16, 2008 and December 29, 2008, the Commission denied my appeal by a vote of 3-1.

22. Upon information and belief, the Commission also denied the appeals of the following Exam participants on or about April 22, 2009: Matthew Deysenroth, Roberto Diaz, Michael J. Donovan, Steven P. Earl, Joseph LaChioma, Francis H. McNellis, Jr., David S. Purcell, Mike Raffalo, Phil Reeves, and Timothy M. Richmond.

23. Upon information and belief, the Commission's decision denying my appeal and those appeals taken by the other Exam participants was illegal, arbitrary and in abuse of the discretion vested in the Commission.

24. I have been injured by the Commission's decision in that I was deprived of the opportunity to prepare for the Exam and I lost promotional rank. Based upon the

List, I would have been one of the fifteen Exam participants promoted to the rank of Fire Lieutenant.

25. Upon information and belief, those Exam participants who also took appeals from the decision of the Commission to rescore the Exam have been injured in that they were deprived of the opportunity to prepare for the Exam, lost promotional rank and/or lost promotional eligibility.

IN WITNESS THEREOF, I have set my hand and seal this 29th day of April, 2009.

Timothy Bottone

*Subscribed and Sworn to before me,*
*This 29th day of April, 2009.*

*Notary Public*
*My Commission expires*

**JUDITH A. SWARBRICK**
***NOTARY PUBLIC***
MY COMMISSION EXPIRES AUG. 31, 2010

A True Copy
Attest
Joseph L.A. Farner, Jr.
Connecticut State Marshal
Fairfield County

**STATE OF CONNECTICUT**

| | | |
|---|---|---|
| RETURN DATE: MAY 19, 2009 | : | SUPERIOR COURT |
| TIMOTHY BOTTONE; MATTHEW DEYSENROTH; ROBERTO DIAZ; MICHAEL J. DONOVAN; STEVEN P. EARL; JOSEPH LaCHIOMA; FRANCIS H. McNELLIS, JR.; ROBERT NOVAK; DAVID S. PURCELL; MIKE RAFFALO; PHIL REEVES; and TIMOTHY M. RICHMOND, | : | JUDICIAL DISTRICT OF |
| Plaintiffs, | : | FAIRFIELD |
| VS. | : | AT BRIDGEPORT |
| CITY OF BRIDGEPORT CIVIL SERVICE COMMISSION and RALPH JACOBS, in his capacity as the personnel director for the Civil Service Commission, | : | |
| Defendant. | : | APRIL 29, 2009 |

**ORDER FOR TEMPORARY INJUNCTION**

The Plaintiffs' Verified Administrative Appeal and Application for a Temporary Injunction having come before the Court pursuant to an Order to Show Cause why a temporary injunction should not issue as requested; and

____ The parties appeared and were fully heard

or

____ The Defendants were duly notified of the order as appears by the officer's return endorsed thereon, but the Defendants failed to appear;

and it appearing to the Court that a temporary injunction ought to issue, and that, for good cause shown, the Court is of the opinion that a temporary injunction ought to issue without bond, the Defendants are hereby commanded to:

1. To refrain from swearing in any individual promoted to the position of Fire Lieutenant by virtue of the Promotions or the Revised List;

2. To revoke the Revised List;

3. To revoke any promotions, including the Promotions, for the position of Fire Lieutenant based upon the Revised List;

4. To reinstate the List;

5. To effectuate promotions to the position of Fire Lieutenant in accordance with the List; and

6. To refrain from re-weighting and re-scoring the Exam using a different methodology than the methodology set forth in the Notice.

Dated at Bridgeport, Connecticut this ________ day of ______________, 2009.

BY THE COURT,

_____________________
Judge / Clerk

**STATE OF CONNECTICUT**

| | | |
|---|---|---|
| RETURN DATE: MAY 19, 2009 | : | SUPERIOR COURT |
| TIMOTHY BOTTONE; MATTHEW DEYSENROTH; ROBERTO DIAZ; MICHAEL J. DONOVAN; STEVEN P. EARL; JOSEPH LaCHIOMA; FRANCIS H. McNELLIS, JR.; ROBERT NOVAK; DAVID S. PURCELL; MIKE RAFFALO; PHIL REEVES; and TIMOTHY M. RICHMOND, | : | JUDICIAL DISTRICT OF |
| Plaintiffs, | : | FAIRFIELD |
| VS. | : | AT BRIDGEPORT |
| CITY OF BRIDGEPORT CIVIL SERVICE COMMISSION and RALPH JACOBS, in his capacity as the personnel director for the Civil Service Commission, | : | |
| Defendant. | : | APRIL 29, 2009 |

**ORDER FOR PERMANENT INJUNCTION**

The Plaintiffs' Verified Administrative Appeal and Application for a Permanent Injunction having come before the Court pursuant to an Order to Show Cause why a permanent injunction should not issue as requested; and

____ The parties appeared and were fully heard

or

____ The Defendants were duly notified of the order as appears by the officer's return endorsed thereon, but the Defendants failed to appear;

and it appearing to the Court that a temporary injunction ought to issue, and that, for good cause shown, the Court is of the opinion that the permanent injunction ought to issue without bond, the Defendants are hereby commanded to:

1. To refrain from swearing in any individual promoted to the position of Fire Lieutenant by virtue of the Promotions or the Revised List;

2. To revoke the Revised List;

3. To revoke any promotions, including the Promotions, for the position of Fire Lieutenant based upon the Revised List;

4. To reinstate the List;

5. To effectuate promotions to the position of Fire Lieutenant in accordance with the List; and

6. To refrain from re-weighting and re-scoring the Exam using a different methodology than the methodology set forth in the Notice.

Dated at Bridgeport, Connecticut this ________ day of ______________, 2009.

BY THE COURT,

______________________
Judge / Clerk

**STATE OF CONNECTICUT**

| | | |
|---|---|---|
| RETURN DATE: MAY 19, 2009 | : | SUPERIOR COURT |
| TIMOTHY BOTTONE; MATTHEW DEYSENROTH; ROBERTO DIAZ; MICHAEL J. DONOVAN; STEVEN P. EARL; JOSEPH LaCHIOMA; FRANCIS H. McNELLIS, JR.; ROBERT NOVAK; DAVID S. PURCELL; MIKE RAFFALO; PHIL REEVES; and TIMOTHY M. RICHMOND, | : | JUDICIAL DISTRICT OF |
| Plaintiffs, | : | FAIRFIELD |
| VS. | : | AT BRIDGEPORT |
| CITY OF BRIDGEPORT CIVIL SERVICE COMMISSION and RALPH JACOBS, in his capacity as the personnel director for the Civil Service Commission, | : | |
| Defendant. | : | APRIL 29, 2009 |

**CERTIFICATION**

The accompanying Application made to me in the above-entitled action and proceeding thereon having come before me are certified to the Court.

Dated at Bridgeport, Connecticut, this _____ day of _______________, 2009.

BY THE COURT

By: ________________________________

Judge / Clerk